## COTTON *v.* BRASHER.

### Opinion delivered October 31, 1927.

1. APPEAL AND ERROR—PRESUMPTION FROM ABSENCE OF COURT'S CHARGE.—Where the instructions given by the court are not set out in the bill of exceptions, it will be presumed that the court correctly charged the jury.

2. BANKRUPTCY—BANKRUPT'S EQUITY IN INCUMBERED PROPERTY.— Though the trustee of a bankrupt takes all of his interest in commercial paper, such trustee is not required to take into custody property so incumbered as to be valueless, and the equity in heavily incumbered property, which the trustee in good faith declines, remains in the bankrupt.

3. APPEAL AND ERROR—PRESUMPTION AGAINST FRAUD.—In an action on a note held by a discharged bankrupt, in absence of evidence to the contrary, it will be presumed on appeal that the failure of the trustee to take possession of the note sued on was not in fraud of the bankrupt's creditors.

Appeal from Yell Circuit Court, Dardanelle District; *Sam Rorex,* Special Judge; affirmed.

*Scott & Goodier,* for appellant.

*M. L. Davis, Wray Rollow* and *Ward & Caudle,* for appellee.

SMITH, J.   The bill of exceptions in this case, consisting of only two pages, contains a synopsis of the testimony, which the trial judge has certified as containing all the testimony at the trial.   The certificate to the bill of exceptions contains no reference to the instructions given at the trial, and only one of them appears in the bill of exceptions.

The suit was brought by A. J. Brasher against C. B. Cotton and J. R. Jeffers on a promissory note for $226, executed by them to Brasher's order, and dated September 11, 1919.   Cotton died after the institution of the suit, and the cause was revived in the name of his administratrix.   The answer filed admitted the execution of the note sued on, but alleged that it had been paid by virtue of an agreement that the note should be credited on another note dated May 11, 1920, for the sum of $2,653.90 executed by Brasher to Cotton's order.   At the trial from which this appeal comes a son of Cotton testified to this agreement, but Brasher denied having made it.

It was shown by the testimony that Brasher was adjudged a bankrupt, and received his discharge as such, and he admitted that he did not list the note here sued on among his assets.   He explained this by stating that before the institution of the bankruptcy proceedings, he had delivered the note sued on to the Farmers' Bank of Dardanelle, where it was held by the bank as collateral security for a loan which the bank had made to him and his brother, and that this loan was evidenced by their joint note to the bank.   The amount of this loan does not appear from the testimony in the bill of exceptions. Brasher further testified that, after he had been discharged in bankruptcy, he redeemed the note from the bank by paying the note for which the note in suit had been put up as collateral.

The only instruction set out in the bill of exceptions reads as follows:

"If the jury find that A. J. Brasher, in good faith, turned over said note sued on herein as collateral security

to the Farmers' Bank of Dardanelle, prior to his filing of his petition in bankruptcy, or before he was adjudged a bankrupt in the Federal court, and that, after his discharge in bankruptcy, he redeemed this note from said bank by paying off his and his brother's note to said bank, for which it was placed as collateral, and there was no fraud connected with said transaction, he was the rightful party to sue on said note, provided the jury finds said note had not been paid by set-off as contended by the defendant, Cotton.''

The bill of exceptions recites that the instruction set out was given among other instructions, but it does not appear what these other instructions were, and it must therefore be conclusively presumed that the jury was correctly instructed as to what would be good faith in failing to list the note by the bankrupt as a part of his assets.

It is the law that the trustee of a bankrupt takes all the interest that the bankrupt has in all commercial paper. Section 766, Brandenberg on Bankruptcy. But it is also the law that the trustee is not required to take into custody property so incumbered as to be valueless, and, if he declines for this reason in good faith to do so, the equity of the bankrupt in the incumbered property remains in him. It was so decided by this court under the bankruptcy act of 1867 in the case of *Brookfield* v. *Stephens,* 40 Ark. 36.

In § 760, Brandenberg on Bankruptcy, it is said:

''Neither a receiver nor trustee is bound to accept property of an onerous or unprofitable character, or to assume an obligation of the bankrupt, unless for the benefit of the creditors. Accordingly, the trustee may refuse to take possession of mortgaged property, or property held in trust, and it is his duty to do so if its value, over and above the incumbrance, is not sufficient to justify an attempt to administer it. Where property is mortgaged beyond its value, and the trustee elects not to take the same, it may be surrendered to the mortgagee without

prejudice to the right of the trustee to contest the validity of the mortgage.''

So here we must presume, in view of the record before us, that the jury found that the failure of the trustee to take possession of the note sued on was an act of bad faith in fraud of the bankrupt's creditors, and the judgment must be affirmed, and it is so ordered.