Ralph BROPHY et al v. John E. MAHAFFEY & Associates, Inc.

5-5926                                    481 S.W. 2d 360

Opinion delivered June 12, 1972

*Charles W. Atkinson,* for appellant.

*Jones & Segers,* for appellee.

Lyle Brown, Justice. Appellants, Ralph Brophy and Ottis Watson, were the developers of a mobile home park in or near Fayetteville. They engaged the services of appellee, John E. Mahaffey & Associates, Inc., to perform preliminary engineering services incident to the development. The contract was oral. Appellee filed this suit to recover its fee. The jury awarded appellee $5,124, the amount of the claim. Appellants here attack the substantiality of the evidence, the inadmissibility of certain testimony, the correctness of the instructions, and certain

statements of the trial court which they say amounted to a comment on the evidence.

The first three points can be treated together. They are concerned with the sufficiency of the evidence. It is there contended that the court should have directed a verdict at the close of appellee's testimony; that the jury verdict is contrary to the evidence; and that the verdict is contrary to law. We therefore summarize the evidence presented.

Appellants owned a forty-acre tract of land upon which they desired to establish a modern mobile home trailer park. In August 1969 they employed appellee to do the preliminary engineering work and prepare plans and specifications to be submitted to the Federal Housing Administration for a substantial loan. Appellee was engaged in the work at various intervals from August 15, 1970, until January 9, 1971. That work consisted of various conferences between the parties; seven and one-half days of field work by six different employees; the making of map locations of streets, utilities, and boundaries; the performing of a topography survey; locating a water main and possible access road; preparing cost estimates; preparing plans to be submitted to FHA; and executing FHA forms. The first FHA application was rejected and additional work was done by appellee before the application was finally approved. The commitment was for the supplying of funds in excess of $200,000.

Appellee Mahaffey testified that the fee was calculated on the basis of the fee schedule promulgated by the Arkansas Society of Professional Engineers; that the amount billed was the minimum under the schedule; and that members of the Society were not permitted to go below the minimum. Mahaffey explained that he could take one of two approaches under the fee schedule in making the calculation and that he used the approach which cost his clients the least amount of money. The testimony we have summarized, together with other evidentiary matters which will be related in our discussion of other points, leaves no doubt but that appellee made a question of fact for the jury.

Appellants assign as error the fact that Ralph Brophy was instructed to answer the question of the amount appellants received when they sold the property. That amount was $140,000. We think the amount of the sale price would aid the jury in resolving the question of reasonableness of appellee's fee. Such information is often introduced as an element for consideration in fixing legal fees. *Saad* v. *Arkansas Trust Co.*, 225 Ark. 33, 280 S.W. 2d 894 (1955). Likewise, we see no error in permitting the engineer who did the final engineering work-up for the successors in title to appellants, to testify that his fee was in excess of $18,000. A comparison of his fee with that of appellee could have shed some light on the reasonableness of appellee's fee.

Appellants attack three instructions. First, it is pointed out that the court did not tell the jury that the burden was on appellee to establish his case by a preponderance of the evidence. Appellants did not request such an instruction (insofar as a perusal of the abstract reveals), nor was any objection raised at the time the court instructed on burden of proof. The next point raised on instructions is "The court told the jury that the appellee's right to recover was based on quantum meruit but failed to set out what appellee must prove to recover under that principle." In the first place the court was not asked to define "quantum meruit," nor was there any objection to the instruction. In fairness to the court it should be stated that the instruction, taken as a whole, told the jury that they were to determine the amount of recovery founded on a reasonable basis. The instruction used "quantum meruit" interchangeably with the phrase "the reasonableness of the charge."

Next, an objection was made to the form of the verdict. Only one form was given: "We the jury find for the plaintiff and fix his recovery at $—." Appellants insist that the jury should have been given a form wherein they could find for the defendants (appellants). The court committed no error. Appellants conceded that they were indebted to appellee in some amount and only contended that the amount sought was wholly unreasonable. When appellants made an objection to the form of verdict the

court stated that appellants admitted that they owed some amount. We perceive no error in the comment.

Affirmed.