## CELOTEX CORPORATION, INC. *v.*
## LYNNDALE INTERNATIONAL, INC. et al

82-83                                          640 S.W.2d 792

Supreme Court of Arkansas
Opinion delivered October 25, 1982

*Wright, Lindsey & Jennings* and *Faegre & Benson,* Minneapolis, Minn., for appellant.

*Harkey, Walmsley, Belew & Blankenship,* by: *John M. Belew,* for appellees.

JOHN I. PURTLE, Justice. A jury in the Cleburne Circuit Court returned a verdict against the appellant in the amount of $4,071,770.46. It was stipulated that property damage amounted to $71,770.46. The jury allocated $1,000,000 compensatory damages and $3,000,000 punitive damages.

Celotex appealed and argued that the court should have rendered a judgment against the appellees as a matter of law. Appellant settled the judgment for $2,171,770.46 and took a release on behalf of both appellant and appellees. The appeal in this case is from the refusal of the trial court to direct a verdict of liability against the appellees. For reasons which will be stated later we affirm the judgment of the lower court.

The facts reveal that decedent obtained the services of Cloyce Eddings to build a brooder house in 1970 and another one in 1977. In 1979 an addition was made to the newer structure and furnace rooms were added at both brooder houses. Eddings poured a concrete foundation and appellees installed their woodburning furnaces. Eddings came back and built the walls and roofs of the furnace rooms. The appellees' employees then returned to the site, completed the duct work and set up the woodburning furnaces.

Appellees sold and installed a single wall chimney in each of the furnace rooms. Single wall chimneys were installed contrary to the installation manual produced by the appellees. This type chimney was to be installed only in all metal buildings. The furnace rooms in this instance were constructed of wood and fiber which came within eight inches of the single wall chimney. According to the evidence, it was unacceptable to have combustible materials anywhere near a single walled chimney. At one point, it was noted that one of the chimneys was not properly installed in that it allowed water to leak into the furnace room. The appellees' representative came to the premises to inspect the leak prior to repair and observed the single wall chimney and the structure which enclosed the furnaces.

The appellant furnished insulation which was installed in the original brooder houses. The Celotex insulation used in the addition built in 1979 was known as TF-600, a polyisocyanurate material. No Celotex product was used in the older structure nor in either of the furnace rooms.

When the furnaces were first operated in December of 1979, a fire broke out in the furnace rooms during the first

hours of operation. It was not disputed that the fire started where the single wall chimneys were installed near the combustible material. The decedent was working in the brooder houses on the night of the fire because his baby chickens had arrived the day before and he was apparently on guard to see that the furnaces worked properly throughout the cold night. Two passing motorists observed a fire in the newer chicken house about 6:00 a.m. They went to decedent's house, which was near the brooder houses, and notified decedent's wife. The witnesses and decedent's wife immediately went to the burning chicken house in search of decedent. His unburned body was found in an area near a door of the chicken house some distance from the furnace room. The decedent was pulled from the burning building but never regained consciousness. The autopsy indicated he had died from the inhalation of smoke which contained carbon monixide and hydrogen cyanide. The combustible material in the furnace room produced carbon monoxide and the insulation furnished by Celotex produced hydrogen cyanide when burned.

At the close of the evidence appellant moved for a directed verdict against appellees on the question of liability. The court denied the motion. The jury, by interrogatories, found Celotex 100% at fault for all damages. Appellant then moved for a judgment notwithstanding the verdict. The motion also sought alternate relief in the form of a new trial on the ground that the jury erred in awarding a verdict only against Celotex. On appeal appellant contends that the court erred in refusing to grant appellant's motion for a directed verdict on its cross-complaint against appellees.

The question presented on appeal is whether the court should have directed a verdict of liability against appellees. This is not the usual argument that there was insufficient evidence to support the verdict but rather that a verdict should have been directed on the matter of liability against the appellees. In the early case of *Woodmen of the World* v. *Brown,* 194 Ark. 219, 106 S.W.2d 591 (1937), this court held that the trial court should have directed a verdict in favor of the defendant insurance carrier who was charged with the

burden of proof. In that holding this court determined that as a matter of law the facts clearly revealed that the policyholder either fraudulently or negligently deceived appellant. Therefore, the court should have directed a verdict for the defendants. The same type question was presented in *Woodmen of the World Life Ins. Society* v. *Reese,* 206 Ark. 530, 176 S.W.2d 708 (1943). In the last-cited case we stated:

> A verdict upon an issue of fact should not be directed in favor of the party who has the burden of proof with respect thereto, unless such fact is admitted, or is established by the undisputed testimony of one or more disinterested witnesses and different minds cannot reasonably draw different conclusions from such testimony.

This case was followed in *Southern National Ins. Co.* v. *Pillow,* 206 Ark. 769, 177 S.W.2d 763 (1944). A somewhat later case is that of *Spink* v. *Mourton,* 235 Ark. 919, 362 S.W.2d 665 (1962). In *Spink,* the court quoted with approval the previous quotation from *Woodmen of the World Life Ins. Society* v. *Reese.* The rule followed in *Spink* is as follows:

> ... the motion for judgment n.o.v. was properly denied unless it can be said that the trial court should have directed a verdict in favor of the plaintiffs.

The court in *Spink* referred to the case of *United States Fire Ins. Co.* v. *Milner Hotels,* 253 F.2d 542 (8th Cir. 1958), where it was stated:

> Negligence and proximate cause will become transformed from questions of fact into questions of law rather on probative deficiency than on probative abundance. Thus, no matter how strong the evidence of a party, who has the burden of establishing negligence and proximate cause as facts, may comparatively seem to be, he is not entitled to have those facts declared to have reality as a matter of law, unless there is utterly no rational basis in the situation, testimonially, circum-

stantially or inferentially, for a jury to believe otherwise.

The appellant, by filing the third party complaint, had the burden of proving that the appellees were guilty of negligence which proximately caused the injuries complained of herein. The original plaintiff also had the duty to prove the appellees were negligent in the circumstances of this action. The jury exonerated the appellees in spite of what was obviously an abundance of facts upon which liability could have been levied against them. Therefore, we now consider whether the position of the appellant was so clearly proven that there was no rational basis in the facts shown nor circumstances inferred upon which the jury could have refused to find against the appellees. We do not believe the facts in this case reach the point where there would be absolutely no rational basis upon which the jury could have exonerated the appellees in this action. Inferences could have been drawn by the jury that adequate warning had been given by the appellees. We cannot speculate as to what the jury considered so long as the verdict comports with the law. We have not been referred to any case, nor have we found one, where the facts are not admitted and no dispute remains, where the proponent of a negligence claim successfully presented evidence to establish liability to the extent required to meet the burden of proof of converting a fact question to one of law.

The case has been compromised and settled, therefore, we do not have before us the matter of separation of the property damage from the personal injury. Also, the settlement of the judgment by the appellant precludes us from attempting to determine which damages may have been caused by the appellant's negligence. For the foregoing reasons, we affirm the judgment below.

Affirmed.

HICKMAN, J., not participating.