SERVICE COMMUNICATIONS, INC. *v.*
Roy WELLS and Floyd McCONNELL

83-127                                           651 S.W.2d 100

Supreme Court of Arkansas
Opinion delivered June 6, 1983

*Eldridge & Eldridge,* by: *John D. Eldridge, III.,* for appellant.

*David Hodges,* for appellees.

JOHN I. PURTLE, Justice. A White County Circuit Court jury returned a defendant's verdict upon appellant's complaint for damages in which it was claimed that appellee was guilty of negligence which proximately caused appellant's damages. The only argument on appeal is that there was no

substantial evidence to support the verdict. We cannot agree with this argument.

Roy Wells, one of the appellees, owned farmland in White County and agreed to lease a portion of his land to appellant who then constructed a radio transmitter tower thereon. Guy wires were fasted to the tower and anchored to the ground. Wells farmed the land for a time but later rented or leased it to Floyd McConnell, the other appellee.

On June 5, 1980, about 8:30 p.m., Wells, working as hired hand for McConnell, drove a farm tractor into one of the guy wires with sufficient force to fell the tower. The complaint alleged that Wells was careless and negligent in the operation of the tractor. During the trial the only evidence of anything causing the tower to fall was the force of the impact of the tractor with the guy wire. Wells testified that he knew the wires were present and was in fact looking back to see if the disk he was pulling would clear one wire when the outside dual wheel of the tractor struck another wire. The left front tire on the tractor struck the wire with sufficient force to topple the tower. Wells stated the sun was getting low and was in front of him when he drove into the guy wire. The wire he struck was in the shade at the time it was struck. He further stated he was acting in exactly the same manner he had on other occasions while farming this same land and he did not know of anything he had failed to do which any ordinary person in the same situation would have done. The trial court overruled appellant's motion for a new trial.

The only question on appeal is whether the evidence, or lack of it, was sufficient to support the verdict. This court will not reverse a trial court's denial of a motion for a new trial if the decision is supported by substantial evidence. *Landis* v. *Hastings*, 276 Ark. 135, 633 S.W.2d 26 (1982). However, the trial court is guided by ARCP, Rule 59 (a). One of the grounds listed in Rule 59 (a) upon which a trial court can grant a new trial is a finding that the verdict is contrary to the preponderance of the evidence or is contrary to the law. Rule 59 (a) (6) was amended by per curiam on May 17, 1982, to make it read "clearly contrary." In *Clayton* v.

*Wagnon,* 276 Ark. 124, 633 S.W.2d 19 (1982), we announced that on appeal the decision of the trial court will not be reversed absent an abuse of discretion. In *Wagnon* we were dealing with a situation where the trial court granted a motion for a new trial. In *Landis* v. *Hastings, supra,* the motion for a new trial was denied. Both cases were affirmed because there was not a sufficient showing of abuse of discretion. The motion for a new trial was denied in the present case. In accordance with the opinion in *Landis* we find that there was substantial evidence to support the verdict and there was no abuse of discretion. Therefore, we will not disturb the trial court's action.

The court instructed the jury in accordance with AMI 603 to the effect that the occurrence of a collision is not evidence of negligence. The court also gave AMI 301 which states in part:

> To constitute negligence an act must be one from which a reasonably careful person would foresee such an appreciable risk of harm to others as to cause him not to do the act, or to do it in a more careful manner.

At the time of this occurrence, appellee Wells was driving his tractor west into the sun. Also, the guy wire which he strick was in the shadows. Additionally, he stated that he was working in the same manner in which he had worked in past years, and that he had worked this field before. We cannot say that there was no substantial evidence upon which the jury could have made its finding that Wells was not guilty of negligence in striking the guy wire. In *Celotex Corp., Inc.* v. *Lynndale Int'l., Inc.,* 277 Ark. 242, 640 S.W.2d 792 (1982), we quoted with approval from an earlier case which stated:

> A verdict upon an issue of fact should not be directed in favor of the party who has the burden of proof with respect thereto, unless such fact is admitted, or is established by the undisputed testimony of one or more disinterested witnesses and different minds cannot reasonably draw different conclusions from such testimony.

We think the case of *Spink* v. *Mourton*, 235 Ark. 919, 362 S.W.2d 665 (1962) stated the rule appropriately when it said: " . . . the motion for judgment n.o.v. was properly denied unless it can be said that the trial court should have directed a verdict in favor of the plaintiffs." The facts before us in this case provide no evidence of error on behalf of the trial court in failing to direct a verdict in favor of the plaintiffs. We feel that the trial court acted properly in denying the motion for new trial.

Affirmed.