## Perry JOHNSON, Individually and Perry JOHNSON, d/b/a P.J.'s LOUNGE *v.* Barry Morrison CROSS

83-194                                 661 S.W.2d 386

Supreme Court of Arkansas
Opinion delivered December 19, 1983

*Eilbott, Smith, Eilbott & Humphries,* for appellant.

*Holmes & Trafford,* for appellee.

ROBERT H. DUDLEY, Justice. Appellee, Barry Cross, filed suit for damages sustained from an assault by appellant, Perry Johnson, Jr. The trial court, sitting as a jury, found that appellee had suffered $380.00 in damages for

medical expenses and $7,500.00 in damages for pain and suffering. The award for pain and suffering was then reduced by one-third because of the comparative fault of appellee. Appellant's motion for a new trial was denied and he has appealed. We affirm. Jurisdiction to decide cases presenting a question in the law of torts is in this Court. Rule 29 (1) (o).

The motion for a new trial questioned the preponderance of the evidence within the purview of ARCP Rule 59 (a) (6). The trial court held that the verdict was not clearly against the preponderance of the evidence and denied the motion. On appeal, when the motion for a new trial has been denied, we affirm if there is substantial evidence to support the verdict. *Landis* v. *Hastings,* 276 Ark. 135, 633 S.W.2d 26 (1982). In determining whether substantial evidence exists, we view the evidence in the light most favorable to the appellee.

Viewing the evidence in that manner, there is substantial evidence to support the verdict. The appellee testified that around 4 a.m. on February 6, 1982, he and two companions went to P.J.'s Disco, a tavern managed by appellant, Perry Johnson, Jr. He testified that, while inside the tavern, he was attacked by another patron, Ricky Seamons, and while the two of them were scuffling, the appellant, without warning, twice struck appellee on the head with a wooden stick which was comparable to an ax handle. The medical records reflect a three inch laceration to the back of appellee's head and a one inch cut to his right ear. They show that the scalp was sutured and that medication was prescribed. Appellee testified his medical bills were $380.00 and his head hurt for two weeks after the blows were struck. He stated the suturing of his scalp was painful, as was the removal of the sutures. He testified his ears drained from the time of the assault until the time of trial and he continues to suffer from dizziness. As a result of the blows, appellant has scarring on the back of his head and a blotch on his right ear. Two witnesses, one of whom was Ricky Seamons, verified appellee's version of the attack while the appellant and three of his employees testified that the

appellee, after scuffling with Seamons, attacked appellant. The evidence, although disputed, is substantial.

The appellant also contends that the trial court should have found that appellee contributed equally to his own injury instead of finding that he contributed one-third to his own injury. However, we do not review an apportionment of comparative negligence if fair minded men might differ about it (which is essentially the same test as that of substantial evidence). *Farrell* v. *Whittington,* 271 Ark. 750, 610 S.W.2d 572 (1981). The essence of appellant's argument is that he used only that force reasonably necessary to break up the scuffling between appellee and Ricky Seamons. Unquestionably, fair minded men might differ about whether it was reasonably necessary for appellant, without warning, to twice strike appellee on the head with a large stick. Therefore, we do not review the apportionment of comparative negligence.

Affirmed.