ARKANSAS KRAFT CORPORATION et al *v.*
Marvin W. COBLE, et ux

CA 84-315 688 S.W.2d 319

Court of Appeals of Arkansas
En Banc
Opinion delivered May 1, 1985
[Rehearing denied June 5, 1985.*]

*Friday, Eldredge & Clark*, by: *William H. Sutton* and *William M. Griffin, III*, for appellants.

*Guy Jones, Jr., P.A.*, for appellees.

TOM GLAZE, Judge. After a three-day trial on a tort action arising out of an automobile accident, a jury sitting in Conway County Circuit Court returned a verdict for appellees in the amount of $22,000. Appellees moved the trial court for a new trial

---

* Cooper and Mayfield, JJ., would grant rehearing.

based on irregularities in the jury selection, and the court so ordered. Appellant is appealing from the order granting a new trial.

The facts are undisputed. After extensive voir dire examination of the panel by the court and both attorneys, the clerk called eighteen jurors' names. The parties used their three peremptory challenges, each using one on the same juror, leaving thirteen jurors. The court called the first twelve jurors on the list and discharged those remaining. After the jury was sworn, the court recessed for lunch. During the lunch break, one of the jurors had a family emergency and was excused by the court. The court then recalled the thirteenth juror who had not been struck by either party. Voir dire was again conducted on the juror by the court and both attorneys were given the opportunity to voir dire him. Over the objection of both attorneys, the court informed the dismissed juror that he would become a replacement juror. Appellees moved for a mistrial, and their motion was denied.

In replacing the excused juror, the court did not follow the procedure for an alternate juror as contained in Arkansas Rule of Civil Procedure 47(b). Had the court used this procedure, each side would have had a peremptory challenge to use. Appellees urge that the court's action in recalling an excused juror to use as a replacement, thus denying them an extra peremptory challenge, is an irregularity which materially affected their substantial rights under Rule 47(b). While we can conceive of circumstances that would require a new trial because of the trial court's failure to follow Rule 47(b), appellees have failed to show any in this cause.

In *Falcon Zinc Co.* v. *Flippin,* 171 Ark. 1151, 287 S.W. 394 (1926), the court was presented with a similar set of facts. In that case, thirteen jurors remained after each side had used its three peremptory challenges. Rather than follow the statute which provided that the first twelve names remaining on the list shall constitute the jury, the court substituted another name from farther down the list. On appeal it was argued that this substitution constituted reversible error. The court held that all the names left on the list were deemed acceptable to the parties and that it was no violation of appellant's rights to change the order in which names were chosen for the jury. The court stated: "In other words, the parties cannot complain of any change or substitution

by the court among those who have been duly accepted by the parties." *Id.* at 1153, 287 S.W. at 395. Although this was not an appeal of an order for a new trial, the court did rule that this irregularity did not prejudice the complaining party.

 The grounds upon which a trial court may grant a new trial are stated in Arkansas Rule of Civil Procedure 59. The pertinent provisions are contained in Rule 59(a):

> A new trial may be granted to all or any of the parties and on all or part of the issues on the application of the party aggrieved, for any of the following grounds materially affecting the substantial rights of such party:
> (1) any irregularity in the proceedings or any order of court or abuse of discretion by which the party was prevented from having a fair trial. . . .

 The appellees fail to demonstrate any irregularity materially affecting their substantial rights to a fair trial. When the court recalled the dismissed juror, appellees had the opportunity to question him but declined. The appellees made no attempt to challenge the juror for cause, nor did they suggest to the trial court that they were entitled to an additional peremptory challenge. The replacement juror had not missed any substantive part of the trial; as a matter of fact, all that had transpired was that the jury was sworn. Finally, the verdict rendered by the jury was favorable to the appellees and was signed by the juror about whom they are objecting. From our review of the record, appellees made no showing of prejudice, and in view of their failure to do so, we believe the holding in *Falcon Zinc Co.* v. *Flippin, supra,* is controlling. Therefore, we conclude the trial court clearly abused its discretion in ordering a new trial, and we reverse and remand with direction to reinstate the jury's verdict. *See Landis* v. *Hastings,* 276 Ark. 135, 633 S.W.2d 26 (1982).

Reversed and remanded.

COOPER and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. I dissent from the decision in this case because, in my judgment, the majority have exercised the wrong standard of review and have usurped the trial judge's discretion in order to express their own.

The majority concede that the trial judge seated an "alter-

nate" juror without following the procedure required by Rule 47(b) of the Arkansas Rules of Civil Procedure, but say there is no showing by the appellees that the irregularity materially affected their "substantial" rights. To support their holding, the case of *Falcon Zinc Co.* v. *Flippin*, 171 Ark. 1151, 287 S.W. 394 (1926), is cited.

In the first place, *Flippin* is not even concerned with the issue involved in the instant case. Here, the procedural irregularity involved is the seating of an "alternate" juror after twelve regular jurors had been chosen. ARCP Rule 47(b) provides that alternate jurors may be called to replace regular jurors who are unable to perform their duties, but the rule provides that when a person is impaneled as an alternate juror each side is entitled to an additional peremptory challenge. When the trial judge excused the regular juror, he asked if the parties would agree that the thirteenth juror on the regular list could be seated. *Neither* party agreed to that procedure and the judge stated for the record that he was seating this juror over the *objection of both parties.* Not only that, but *both* parties asked for a mistrial at that time.

In the second place, in the *Flippin* case there was a direct appeal on the question of whether the jury selection procedure in that case constituted a reversible error. In such a case it is clear that the appellant has the burden to show that an error occurred which prejudiced his right to a fair trial. Here, the appeal is from the granting of a new trial, the issue is whether the trial court abused its discretion in granting the new trial, and the burden is on the appellant to show that the trial judge abused his discretion. In *Garner* v. *Finch*, 272 Ark. 151, 612 S.W.2d 304 (1981), the Arkansas Supreme Court said:

> The trial court is vested with a wide latitude of discretion in acting on a motion for a mistrial or a new trial and will not be reversed on appeal absent a manifest abuse of discretion. *General Motors Corp. et al* v. *Tate*, 257 Ark. 347, 516 S.W.2d 602 (1974); and *Dickerson Construction Co.* v. *Dozier*, 266 Ark. 345, 584 S.W.2d 36 (1979). The showing that a trial judge has abused his discretion must be stronger when a new trial has been granted than when it has been denied, as the beneficiary of the verdict set aside has less basis for a claim of prejudice than does the unsuccessful movant for a new trial. *Security Insurance* v.

*Owen,* 255 Ark. 526, 501 S.W.2d 229 (1973).

272 Ark. at 152. The court concluded as follows:

> In the granting or denying of a motion for mistrial, we give due consideration to the fact the trial judge, having personally observed the entire proceedings, is in a better position than we to evaluate the merits of the motion. When we consider all the circumstances during the trial proceedings, we cannot say that appellant has sufficiently met his burden of demonstrating the trial judge manifestly abused the wide latitude of discretion allowed him by setting aside the jury's verdict.

272 Ark. at 155.

Thus, the issue in the case at bar is not, as stated by the majority, whether the *appellees* have shown that they were prejudiced by the trial court's action. The issue here is whether the *appellant* has "sufficiently met his burden of demonstrating the trial judge manifestly abused the wide latitude of discretion allowed him by setting aside the jury's verdict."

The appellees filed a motion and brief for new trial in this case stating that because no alternate juror was properly selected the trial judge's action in seating the thirteenth juror on the regular list forced them to go to trial without the right of exercising an additional peremptory challenge on the juror which the trial court treated as an alternate juror. The record shows that the verdict was agreed to by only nine jurors and one of them was this thirteenth "alternate" juror selected contrary to the provisions of ARCP Rule 47(b) and in a manner that deprived appellees of the right to use an additional peremptory against him.

The trial judge granted the motion for new trial and his order states "the Court finds that, based on the record and the pleadings herein, that error was created and occurred at trial necessitating new trial." Although the appellant suggests that the verdict for appellees in the amount of $22,000.00 was sufficient and they should be satisfied, the appellees and the trial judge have a different view. I would affirm the trial judge for the reasons stated by the Arkansas Supreme Court in *Garner* v. *Finch, supra.*

COOPER, J., joins in this dissent.