Renee THIGPEN *v.* Glen Richard POLITE and Barbara POLITE

86-32                                              712 S.W.2d 910

Supreme Court of Arkansas
Opinion delivered July 21, 1986

*Gary Eubanks & Associates*, by: *James Gerard Schulze* and *William Gary Holt*, for appellant.

*Wright, Lindsey & Jennings*, for appellees.

GEORGE ROSE SMITH, Justice. Following a minor collision on an apartment parking lot, Renee Thigpen brought this suit for personal injuries and property damage against the other driver, Glen Polite, then 17, and his mother, who had signed his application for a driver's license. The jury returned a verdict for the defendants. In a motion for a new trial the plaintiff asserted that since the defendants admitted negligence and did not claim contributory negligence, the verdict awarding no damages was clearly against the weight of the evidence and entitled the plaintiff to a new trial. The only point for reversal is that the court erred as a matter of law in refusing to grant a new trial. We can find no merit in the appellant's argument and affirm the judgment.

It is an appellant's responsibility to bring up a sufficient record, but there are omissions in this record. At an unreported pretrial conference there was an admission of liability by the defendants, but neither they nor their attorney has admitted that the plaintiff suffered any personal injury or property damage. Hence the plaintiff had the burden of proving her damages. The record does not contain the court's instructions to the jury; so we must presume that correct instructions were given. *Cotton* v. *Brasher*, 175 Ark. 209, 298 S.W. 1035 (1927). The appellees' brief states that the jury was instructed with regard to causation and damages; in any event we would assume such instructions were given.

We adhere to our practice of stating the facts most favorably to the verdict. The plaintiff testified that she was approaching a speed breaker at three or four miles an hour. Glen said he was backing out of a parking space and pulling to his left before going forward. He said he guessed the vehicles scraped (which would have been possible as he described the incident). He had not looked both ways and admitted the accident was his fault. The

only damage to Glen's pickup was a smudge of paint from the other car, on his righthand door. He had no idea whether the plaintiff's car had been damaged. She testified that her front fender was dented.

Immediately after the accident the plaintiff obtained information about the defendants' insurance. Her husband testified about his wife's asserted injury. On cross examination the defendants' attorney produced an estimate of damage, which the witness admitted he had submitted to the defendants' insurance company. The estimate totaled $551.22 and included not only $153.95 for a fender but also $102.20 for a wheel, a charge for aligning the front end, and other items the witness could not explain. He said the insurance adjustor refused to pay the bill because his insured had not caused the damage. That attempt to mulct the insurer may have aroused the jury's indignation.

The plaintiff admittedly said at the time that she was not hurt, but she claimed that she began having a headache later that day. At the trial her doctor testified that she had told him she had been in an automobile accident during which she sustained a jerking of her neck and torso. (She did not so testify.) The doctor found "a typical whiplash type of injury." In view of the parties' description of the accident, the jury could have found that two slowly moving vehicles made a scraping contact that was too slight for the plaintiff to have suffered any injury at all. The trial judge's refusal to grant a new trial, with the implication that he found the verdict not clearly against the preponderance of the evidence, was not a clear and manifest abuse of discretion, as we would have to find to justify a reversal. *Warner* v. *Liebhaber*, 281 Ark. 118, 661 S.W.2d 399 (1983).

In the motion for new trial counsel for the plaintiff recognized that the jury might have disregarded her proof of physical injury and property damage, but it was insisted that since the defendants had admitted "some damage" (apparently scraped paint) and also fault, the verdict for no damages was clearly against the weight of the evidence. If the jury had awarded nominal damages, the award might well have been sustained. But when there is no property right to be vindicated by nominal damages, the issue being negligence only, the jury's failure to award nominal damages is not reversible error. *Harlan* v. *Curbo*,

250 Ark. 610, 466 S.W.2d 459 (1971).

■ Both the dissenting opinions seem to be based on the trial court's asserted error in submitting a verdict form that permitted the jury to find for the defendants. The short answer to that argument is that the record shows no objection to the court's action; so it was too late for the point to be raised in a motion for new trial after the plaintiff had speculated on the possibility of a favorable verdict.

Affirmed.

PURTLE and NEWBERN, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. My understanding of this case and the arguments on appeal differ in several respects from that of the majority. As I understand the matter the only issue presented is whether the trial court was required to set aside the jury verdict under the circumstances of this case.

The defendant (appellee) admitted liability at the commencement of the trial and obtained a ruling in limine preventing the plaintiff (appellant) from producing evidence relating to liability during the course of the trial. However, throughout the trial, and brief in this court, appellee unmistakably refers to the liability aspect of the occurrence.

It is my opinion that having admitted liability the court and the jury were bound to find in favor of the plaintiff (appellant). I do not read *Harlan v. Curbo*, 250 Ark. 610, 446 S.W.2d 459 (1971), to stand for the proposition for which it is quoted in the majority opinion. The jury in *Harlan* was asked to apportion the negligence and they found it to be 60%-40% in favor of the plaintiff-appellants. The question came up on the inadequacy of damages — not liability. The holding in *Harlan* was: "We must therefore adhere to our usual rule, that the trial court's failure to award nominal damages is not reversible error."

In *Brophy v. Mahaffey & Associates*, 252 Ark. 811, 481 S.W.2d 360 (1972), we held that it was not error to submit only one verdict form to the jury — a form finding for the plaintiff. The appellants in *Brophy* had conceded they were indebted to the appellees in some amount. In the case before us there should have been only one verdict form submitted to the jury. It should have

been in favor of the plaintiff with the amount of damages left blank. It should have been up to the jury to place some figure in the blank.

In the case of *Smith* v. *Arkansas Power & Light Co.*, 191 Ark. 389, 86 S.W.2d 411 (1935), this court stated:

> When the undisputed evidence shows that plaintiff is entitled to recover substantial damages, a judgment will be reversed which awards only nominal damages, because a judgment for nominal damages is, in effect, a refusal to assess damages. When substantial damages are awarded, a judgment will not be reversed because of inadequacy, if there be no other error than that committed by the jury in measuring the damages. But a judgment even for substantial damages will be reversed where the undisputed testimony shows the damages to be inadequate, if error of a substantial and prejudicial nature was committed at the trial of the case.

This same language was approved in *Worth James Constr. Co.* v. *Herring*, 242 Ark. 156, 412 S.W.2d 838 (1967). I am of the opinion there was no substantial evidence upon which the jury could have found for the appellee. Also, see *Barger* v. *Farrell*, 289 Ark. 252, 711 S.W.2d 773 (1986).

The trial court's denial or granting of a new trial is governed by A.R.C.P. Rule 59. On review the test depends on whether the motion was granted or denied; if the motion was granted we will affirm absent a manifest and clear abuse of discretion. If the motion was denied we will also affirm if there is substantial evidence to support the verdict. *Landis* v. *Hastings*, 276 Ark. 135, 633 S.W.2d 26 (1982).

The majority makes the same mistake the trial court and the jury made. The majority opinion is an obvious attempt to show how the jury could have decided liability and damages had the issues been open for them to decide. Apparently the appellee's strategy of admitting liability and bridling the appellant's witnesses about describing the accident worked. The majority takes three pages arguing the facts which are not in issue. No doubt the appellant could have presented a much stronger case had it been known that liability was still an issue.

An additional reason why the trial court should be reversed is A.R.C.P. Rule 59(a) which sets out the grounds for granting a new trial. One of the grounds stated is: "(6) the verdict or decision is clearly contrary to the preponderance of the evidence or is contrary to the law." The verdict in the present case meets both criteria. I think the trial court had an absolute duty to set aside this verdict.

I would reverse and remand for a new trial.

DAVID NEWBERN, Justice, dissenting. The majority opinion notes that the appellees conceded "liability" in this case. It was more than a concession of "negligence." One of the elements of the tort of negligence is damages. Dean Prosser stated the distinction as follows:

> Negligence, as we shall see, is simply one kind of conduct. But a cause of action founded upon negligence, from which liability will follow, requires more than conduct. The traditional formula for the elements necessary to such a cause of action may be stated briefly as follows:
>
> 1. . . . .
>
>    . . .
>
> 4. Actual loss or damage resulting to the interests of another. Since the action for negligence developed chiefly out of the old form of action on the case, it retained the rule of that action, that proof of damage was an essential part of the plaintiff's case. Nominal damages, to vindicate a technical right, cannot be recovered in a negligence action, where no actual loss has occurred. The threat of future harm, not yet realized, is not enough. Negligent conduct in itself is not such an interference with the interests of the world at large that there is any right to complain of it, or to be free from it, except in the case of some individual whose interests have suffered.

As there must be injury or damages to produce liability, a concession of liability is a concession that there was injury or damages.

The only question before the jury should have been the amount of damages, if any, suffered by the appellant. The jury,

however, returned a verdict for the appellees (defendants). The majority opinion ignores the problem by saying the trial court's refusal to grant a new trial "with the implication that he found the verdict not clearly against the preponderance of the evidence" was not an abuse of discretion. There clearly is no question in this case about the preponderance of the evidence on the issue of liability. The jury's verdict, like the majority opinion, is completely inconsistent with the appellees' concession of liability.

Our rules permit not only review but appeal of an order denying a motion for new trial. Ark. R. App. P. 2(a)3. If we were deciding whether a new trial should or should not have been granted because the jury misjudged the preponderance of the evidence, the narrower controversy over the impropriety of appellate review of that matter would be implicated. *See* 11 C. Wright and A. Miller, Federal Practice and Procedure, Civil, § 2818 (1973). Again, that is not the issue here.

In my view, it was an abuse of the trial court's discretion not to have granted a new trial, given the clear mistake of the verdict for the defendants. The appellees cite *Landis* v. *Hastings*, 276 Ark. 135, 633 S.W.2d 26 (1982), for the proposition that when a defendant has admitted "fault" in an accident case it is not improper for the jury to return a verdict for the defendant. That is correct, but there is a difference, as discussed above, in admitting "fault" as opposed to admitting "liability." More appropriate in this case is the appellant's citation of *Brophy* v. *Mehaffey & Associates*, 252 Ark. 811, 481 S.W.2d 360 (1972), where we upheld the trial court's action in giving the jury only a plaintiff's verdict form where the defendant had admitted he owed some money to the plaintiff for services, and the only question was the amount.

Ark. R. Civ. P. 59(a) provides:

> Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues on the application of the party aggrieved, for any of the following grounds materially affecting the substantial rights of such party:
>
> (1) . . . .
>
> . . .

(6) the verdict or decision is clearly contrary to the preponderance of the evidence or is contrary to the law
 . . . .

 . . .

(8) error of law occurring at the trial and objected to by the party making the application . . . .

The majority attempts to bolster its opinion by pointing out that no objection was made to verdict forms given to the jury. If this appeal were based on denial of a motion for a new trial which was made to seek correction of a specific error on the part of the court, pursuant to Rule 59(a)(8), I could agree. However, the motion for a new trial and this entire appeal are on the ground that it was simply a mistake to reach a result which is patently inconsistent with the appellees' concession of liability. I could understand the position of the majority better, and I would vote to affirm, had the jury returned a verdict for the appellant but found "0" damages due to the weakness of the appellant's evidence on the amount of his loss. But here the jury returned a defendants' verdict altogether. While this may seem to be a highly technical distinction, to me the return of a flat defendants' verdict showed there was serious confusion either on the part of the jury or the judge or both. In my opinion, it was within the trial judge's discretion to grant a new trial pursuant to Rule 59(a)(6), and he clearly should have done so.

The majority opinior. has focused on the wrong element of Rule 59(a)(6) by discussing whether the verdict was clearly contrary to the preponderance of the evidence. The preponderance of the evidence on the matter of liability became moot when the appellees (defendants) conceded it. The verdict in this case was, in the words of Rule 59(a)(6), "contrary to the law" because the defendants, who had conceded liability, were not entitled to a verdict, *Brophy* v. *Mehaffey and Associates, supra*, no matter how indignant the jury may have been.

I respectfully dissent.