Robert M. REDDISH *v.* Scott B. GOSELAND, et al.

89-277                                          785 S.W.2d 205

Supreme Court of Arkansas
Opinion delivered March 12, 1990

*Harper & Blocker*, by: *Jeff C. Harper*, for appellants.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *James A. Arnold II*, for appellees Scott B. Goseland and Northwest Arkansas Truck & Equipment, Inc.

*Roy & Lambert*, for appellee Doyle Sisson.

DAVID NEWBERN, Justice. This is a negligence case in which the jury found in favor of the defendants. The plaintiffs were Marvin Reddish, his wife Mary, and their son Jason. The Reddishes contend the trial court erred in failing to grant their motion for a new trial. We hold there was substantial evidence to support the verdict, and thus the decision is affirmed.

The defendants, now appellees, were Scott B. Goseland, his employer, Northwest Arkansas Truck & Equipment, Inc., and Doyle Sisson. Sisson was driving his truck, loaded with used

batteries, from Huntsville to Springdale. The truck lost power, and he pulled off on a shoulder. He walked around the truck and got under it to try to determine what was wrong, but he found nothing. He saw no leaking seals or other evidence of malfunction. He felt no heat except that from the muffler. He had thought there had been trouble with his clutch earlier. When he got back in the cab, the clutch seemed normal, but the truck would not move under its own power. Sisson called Northwest and spoke to dispatcher Randy Tyree who sent Goseland to Sisson's aid. Sisson told Tyree and Goseland he thought the problem was that his clutch was out.

Goseland, an experienced wrecker driver, looked the truck over with Sisson and could find no visible defect. He hooked Sisson's truck onto his wrecker so that Sisson's truck would be towed from its front. Goseland, Sisson, and Sisson's son got in the wrecker cab for the tow. At first Sisson's truck resisted being towed. They again got out and inspected Sisson's truck, thinking perhaps there was a rock blocking one of the wheels. They found nothing and tried again. This time, the truck moved without difficulty. Goseland checked to assure that the rear wheels of Sisson's truck were turning.

After they had proceeded about two and a half miles, Sisson noticed there was smoke at the rear of his truck. He told Goseland who immediately began slowing and looking for a place to pull over. Sisson looked again, and sparks were coming off the truck too. About that time, the rear axle on Sisson's truck separated, and a dual wheel set came off. The time elapsed from the first notice of the smoke until Goseland was able to stop was 45 seconds to one minute during which time they covered some 1200 to 1500 feet. The detached wheels rolled into the front of a truck coming from the opposite direction being driven by Mr. Reddish. Goseland pulled onto the shoulder when he found a place where the truck and tow would be off the highway. It was later determined that bearings had gone out, and the axle on Sisson's truck had burned in two. The state trooper who investigated the accident testified he could not think of a way the accident could have been avoided. There was no objection to this testimony.

The Reddishes sought $380,000 for their personal injuries, property damages, and Mrs. Reddish's loss of consortium. They

alleged that Sisson and Goseland were both negligent in the maintenance, inspection, and towing of the truck. No evidence of improper or negligent maintenance was presented.

There was one conflict in the evidence. Sisson testified that he told Tyree that he had heard a loud popping noise before his truck began to lose power. He also testified he told Goseland about the noise. Tyree testified he did not recall being told about the popping noise, and he could not recall for sure whether he told Goseland about any such noise. Goseland testified that the first he heard about the popping noise was after the accident had occurred. He said had he known of it earlier, he would still have towed Sisson's truck from the front because it would not have been safe for him to have hooked it from the rear due to its position on the shoulder where Sisson had parked it. He said he would have towed it to a place where he could have detached it and then hooked on to the rear for the remainder of the tow.

A trial court may grant a motion for a new trial if the jury verdict is clearly against the preponderance of the evidence. Ark. R. Civ. P. 59(a)(6). If the motion is denied, the standard of review is whether the jury verdict is supported by substantial evidence. *Johnson* v. *Cross*, 281 Ark. 146, 661 S.W.2d 386 (1983); *Landis* v. *Hastings*, 276 Ark. 135, 633 S.W.2d 26 (1982). The Reddishes argue that if Sisson did not tell Goseland about the popping noise, then he must have been negligent. If Sisson did tell Goseland about it, then Goseland must have been negligent in not towing the truck from the rear.

The jury's verdict was taken on two simple interrogatories. The first asked if Goseland had been negligent. The second asked if Sisson had been negligent. The unanimous answer to each was negative. We do not know the facts accepted by the jury. The evidence, however, was sufficient to support a conclusion that, for example, Sisson thought he had told Goseland about the noise, but did not. In that event, given his supposition that he was having clutch problems, it would not necessarily have been negligence for him to fail to tell Goseland or his dispatcher about the noise, and in that event, there would have been no negligence on the part of Goseland either.

Given the evidence of the care exercised at the scene by both Sisson and Goseland, we cannot say there was no substantial

evidence to support the jury's determination that neither was negligent.

The Reddishes also argue negligence was shown in the distance travelled after the smoke was first sighted. Again, we see no reason the jury should necessarily have found negligence. From Goseland's testimony the jury could readily have inferred he took the first opportunity to get his truck and Sisson's off the road after learning of the danger.

Affirmed.

PRICE, J., not participating.