Robin KRATZKE *v*. NESTLE-BEICH, INC.

91-154                                817 S.W.2d 889

Supreme Court of Arkansas
Opinion delivered November 4, 1991

*Dodds, Kidd, Ryan & Moore,* by: *Judson C. Kidd,* for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.,* by: *Beverly A. Rowlett,* for appellee.

ROBERT L. BROWN, Justice. The appellant, Robin Kratzke, appeals from a judgment in her favor and against the appellee, Nestle-Beich, Inc., in the amount of $2,000. She argues that the verdict amount is clearly against the preponderance of the evidence and, further, that there was jury misconduct. Finding substantial evidence to support the verdict, we affirm the judgment.

On November 18, 1988, Kratzke, who was driving her car in Little Rock, was hit from behind by a vehicle driven by an employee of Nestle-Beich. Damage to Kratzke's car amounted to $63. Following the accident, Kratzke received considerable medical attention, including a stay in the hospital of more than two months. She alleged that the resulting paralysis, numbness in her arms and legs, and limitation in her mobility were directly attributable to the accident. She incurred total medical expenses of $47,060.12.

At trial, the appellee admitted liability, leaving damages as the sole issue to be decided by the jury. The jury returned a verdict of $2,000, and judgment was entered on October 22, 1990. Kratzke then moved for a new trial under Ark. R. Civ. P. 59(a) on grounds that the verdict for damages was clearly erroneous and that there was jury misconduct due to contact between the jurors and the appellee's witnesses. The circuit judge denied the motion for a new trial.

We first consider the issue of error in the damage award. When a trial judge denies a motion for a new trial, the standard of review is whether the jury verdict is supported by substantial evidence. *Reddish* v. *Goseland,* 301 Ark. 527, 785 S.W.2d 205 (1990); *Johnson* v. *Cross,* 281 Ark. 146, 661 S.W.2d 386 (1983); *Landis* v. *Hastings,* 276 Ark. 135, 633 S.W.2d 26 (1982). In the case before us, Kratzke testified that she had her back and neck x-rayed in 1981, that she had a vehicular accident

in 1983 requiring x-rays and hospitalization, and that she suffered a severe muscle pull from activity with her children in 1986. Her medical records reflect that she had similar back problems in 1986 as complained of in 1988, and that she had been in the hospital in 1986 for two weeks.

Dr. James Raddin, an impact expert, testified that the records he reviewed demonstrated that Kratzke had been either subject to injury or was the victim of degenerative processes prior to the November 1988 accident. He found no objective reason for her paralysis and opined that the impact from the Nestle-Beich car traveling at about three miles an hour would not produce any psychological effect.

Dr. Thomas Fletcher, a neurological surgeon, declined to accept Kratzke as a patient. He testified that she suffered from a muscle spasm aggravated by a nervous state that operated to continue the spasm. He did not think that she had nerve root compression, and he could give no medical reason for her inability to walk or for the numbness in her legs or arms. In his opinion a bone spur and degenerative disc were preexisting conditions. He stated that her physical reaction was out of proportion to the actual injury.

■ Taken in sum, this evidence easily qualifies as substantial enough to support the jury's verdict.

■ Kratzke also argues that there is a defined pecuniary measurement resulting from Nestle-Beich's liability which is represented by her medical expenses of $47,060.12. The jury's verdict of $2,000, according to Kratzke, is not supported by substantial evidence; in her view only the $47,060.12 is. We disagree, having held in other collision cases that the jury could well have decided that the medical expenses were attributable to preexisting causes and not to the automobile accident. *See Landis* v. *Hastings*, 276 Ark. 135, 633 S.W.2d 26 (1982); *Warner* v. *Liebhaber*, 281 Ark. 119, 661 S.W.2d 399 (1983). The mere fact that medical expenses have been incurred by the appellant and the additional fact that the appellee has admitted liability do not automatically translate into a damage award equivalent to those expenses.

■ For her second point, Kratzke asserts jury misconduct

due to juror contact with the appellee's witnesses and urges that this is sufficient reason for setting aside the verdict. Rule 9(d) of our Rules of the Supreme Court states that the appellant's abstract should consist of "material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision." Kratzke refers in her brief to affidavits supporting juror misconduct but fails to abstract them. Under these circumstances, Rule 9 precludes us from considering this argument on its merits. *See Turner* v. *Baptist Medical Center*, 275 Ark. 424, 631 S.W.2d 275 (1982).

Affirmed.