DAVID M. GLOVER, Judge, dissenting. |nThe trial court did not abuse its discretion in granting a new trial, and I, therefore, dissent. We should affirm the circuit court’s grant of a new trial under Arkansas Rule of Civil Procedure 59(a)(5) (error in the assessment of damages) and (a)(6) (verdict clearly contrary to the preponderance of the evidence). The majority accurately states our review standard, which can be summarized as follows: 1. When we review an order granting a new trial, our inquiry is whether the circuit court abused its discretion. Razorback Cab v. Martin, 313 Ark. 445, 856 S.W.2d 2 (1993). The abuse of discretion must be “clear” or “manifest.” Bruce v. Hancock, 2010 Ark. App. 171, at 7-8, 374 S.W.3d 138, 141. A showing of abuse is more difficult when a new trial has been granted because the party opposing the motion will have another opportunity to prevail. Id. Abuse of discretion means a .discretion improvidently exercised, i.e., exercised thoughtlessly or without due consideration. Id. However, the circuit court is not to substitute its view of the evidence for that of the jury. Razorback Cab, supra; Eisner v. Fields, 67 Ark. App. 238, 998 S.W.2d 421 (1999). 2. When an order granting a new trial is expressed in general terms, as in this case, without a specification of grounds, it must be affirmed if it can be supported on any ground alleged in the motion. Slaton v. Slaton, 330 Ark. 287, 294, 956 S.W.2d 150, 153 (1997); Gen. Motors Corp. v. Tate, 257 Ark. 347, 349, 516 S.W.2d 602, 604 (1974). Accord, J-McDaniel Constr. Co., Inc. v. Dale E. Peters Plumbing Ltd., 2014 Ark. 282, 436 S.W.3d 458 (applying same rule to order granting summary judgment in general terms). 1123. The mere fact that a plaintiff has incurred medical expenses and the defendant has admitted liability does not automatically translate into a damage award equivalent to those expenses. See Depew v. Jackson, 330 Ark. 733, 740, 957 S.W.2d 177, 181 (1997); Kratzke v. Nestle-Beich, Inc., 307 Ark. 158, 817 S.W.2d 889 (1991); James v. Bill C. Harris Constr. Co., Inc., 297 Ark. 435, 763 S.W.2d 640 (1989). The jury is the sole judge of the credibility of the witnesses and of the weight and value of the evidence, and it may believe or disbelieve the testimony of one or all of the plaintiff’s witnesses, even though the evidence is uncontradicted and unim-peached. Potlatch Corp. v. Mo. Pac. R.R. Co., 321 Ark. 314, 902 S.W.2d 217 (1995). Fought, in her motion for new trial, argued she was entitled to a new trial because James Tree’s attorney and one of its experts, Dr. Harry Smith, both admitted she suffered at least some damages proximately caused by James Tree, yet the jury found Fought sustained no damages proximately caused by James Tree. Fought further argued the jury’s assessment of $0 in damages was against the preponderance of the evidence. To counter Fought’s argument, James Tree relies on the following facts: (1) the impact or collision was minimal; (2) she did not complain of injuries at the scene; (3) she drove her vehicle while chasing Williams after he fled from the scene of the accident; (4) she did not immediately seek treatment for her alleged injuries, instead electing to receive treatment from a chiropractor the day after the accident; (5) her medical records indicated that, before the accident, she had received treatment for similar complaints (depression and headaches) that she attributed to the accident; and (6) she was involved in a fall at work in 2011 and another automobile accident in 2010 and sought treatment in both instances. | iaThese facts may explain an award of minimal damages, but they do not adequately explain an award of zero damages. Fought’s doctors- all agreed.she sustained at least a sprain or strain proximately caused by the automobile accident. The nature, severity, and permanency of her injuries were sharply contested, but all experts agreed her injuries would not have subsided any earlier than six to eight weeks after the accident. The specific basis for this dissent is that Fought’s entitlement to some damages appeared to be a given when James Tree’s defense counsel virtually conceded in closing arguments that Fought had incurred some damages in the accident. For emphasis, I repeat the majority’s recitation of defense counsel’s closing arguments, during which defense counsel argued to the jury: Let’s get down to talking about the car wreck. Answer to Interrogatory Number 1, “Did she have an injury as the result of the car wreck?” You bet. Would I say that she didn’t? No. I wouldn’t tell you that. But when you come to that question, and you think about what you’ve heard in this case, and you think where we are six and a half years later, tap yourself behind your right ear. Come back around to what you’ve heard. A fist-sized dent a quarter-inch deep, and they’ve got her believing—and we asked her about it; we saw it—they’ve got her believing it. Shortly thereafter, when discussing the reasonableness of Fought seeking treatment from a chiropractor instead of a medical doctor, defense counsel returned a second time to the matter of how the jury should answer Interrogatory Number 1: I ask you to answer Interrogatory Number 1 yes. I ask for you to look at those medical bills for that six to eight weeks. Or even, Ladies and Gentlemen, if you think that maximum medical improvement as described by Dr. Bennett [Fought’s chiropractor] wasn’t until June of 2009—or ’08, excuse me—2008, then so be it. [ 14The majority correctly states a circuit court may consider concessions made in opening statements or closing arguments in deciding whether to grant a new trial. See generally Machost v. Simkins, 86 Ark.App. 47, 158 S.W.3d 726 (2004); accord Bruce v. Hancock, supra. I disagree with the majority that defense counsel’s statements here did not constitute a concession. Defense counsel twice asked and answered for the jury the direct-injury interrogatory. An appellant shoulders a burdensome task demonstrating the circuit court abused its discretion. Williams v. Ingram, 320 Ark. 615, 899 S.W.2d 454 (1995). I do not believe James Tree has shown the circuit court abused its discretion in granting Fought a new trial on the basis that the jury erred in its assessment of her damages or that the jury’s verdict was against the preponderance of the evidence, given defense counsel’s statements in closing argument. As our case law holds, it is harder for James Tree to show prejudice from the grant of a new trial because James Tree will still have the opportunity to prevail at the new trial. Bruce, supra. The trial court did not abuse its discretion. I am authorized to state that Judge Abramson joins in this dissent.