Anna WARNER *v.* Joseph E. LIEBHABER and
Steven E. LIEBHABER

83-196                                    661 S.W.2d 399

Supreme Court of Arkansas
Opinion delivered December 19, 1983

*Wilson, Grider & Castleman,* by: *Murrey L. Grider,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellees.

GEORGE ROSE SMITH, Justice. On June 20, 1980, after the plaintiff, Anna Warner, had slowed her car almost to a stop at the end of a stalled line of highway traffic, her car was struck from behind by a vehicle owned by the defendant Joseph E. Liebhaber and being driven by his 17-year-old son, also a defendant. Mrs. Warner brought this suit to recover $100,000 for personal injuries and $1,500 for property damage. The defendants admitted liability. The jury awarded Mrs. Warner $2,500. She appeals from the trial judge's denial of her motion for a new trial, the sole ground for reversal being the asserted inadequacy of the verdict. Our jurisdiction includes tort cases. Rule 29 (1) (o).

Under ARCP Rule 59 (a) (5), the inadequacy of the recovery is a ground for a new trial even in the absence of other error. We sustain the trial judge's denial of a new trial when the verdict is supported by substantial evidence and when, as is the usual case, the primary issue is that of liability. *Ferrell* v. *Whittington*, 271 Ark. 750, 610 S.W.2d 572 (1981). But when the primary issue is whether the award is adequate the test of substantial evidence is hardly appropriate, for even a very small award would ordinarily have at least some basis in substantial evidence. Consequently, when the only argument on appeal is the inadequacy of the award, we think our rule should be to sustain the trial judge's denial of a new trial *absent a clear and manifest abuse of discretion,* a standard of review similar to that we follow when the primary issue is liability and the trial judge has granted a new trial. *See Landis* v. *Hastings,* 276 Ark. 135, 633 S.W.2d 26 (1982).

In such a review of the trial court's exercise of its discretion, an important consideration is obviously whether a fair-minded jury might reasonably have fixed the award at the challenged amount, here $2,500. In the present case the jury's verdict is understandable and defensible, for two reasons.

First, the jury could have found that Mrs. Warner was not seriously injured in the collision. She testified that she was thrown to the floorboard, but the jury did not have to accept her interested testimony, especially as a driver would not ordinarily be thrown forward and downward when her car was struck from behind. On the other hand, Steven Liebhaber, the other driver, testified that it was raining and when he put on his brakes "the throttle stuck and we slid and just barely bumped the car." Except for Mrs. Warner no one in either car was hurt. There was no damage to the Liebhaber vehicle and no apparent damage to Mrs. Warner's car. No issue of property damage was submitted to the jury. Thus the accident was arguably minor.

Second, the jury could find that Mrs. Warner's principal items of damage — medical expenses totaling $12,285 — were not fairly attributable to whatever back pain she may

have suffered. One of her doctors, in testifying for her, said that within three months before the accident she had had gynecological surgery and then a laminectomy for a ruptured disc, which caused severe back pain. She was recovering well when the accident occurred. Even so, his opinion three weeks after the accident was that her problem was primarily psychological. On direct examination this doctor testified:

> It has been my experience that when cases are in litigation like this, as long as the litigation goes on, the patient's prognosis is very poor. They're almost not allowed to get well. . . .
> I must tell you, in all fairness, I'm not trying to harm your case or place any undue negativism on your position, but it's been my experience that as long as the patient is in ongoing litigation of this type, they almost never can get well. It's virtually impossible.

Later on the doctor testified that termination of the litigation would be of therapeutic value to Mrs. Warner, one of her only chances of getting well.

Mrs. Warner was also treated by a psychiatrist and a psychologist, both of whom testified for her. The former said in effect that Mrs. Warner had problems owing to her operations and her marital troubles, which ended in divorce. This doctor testified in substance that she was looking for some focus for her existing emotional conflicts. When the accident occurred, in effect she blamed all her problems on it, though perhaps unconsciously. He said that Mrs. Warner did not really feel she was in need of psychiatric treatment, and as long as that was her belief there was very little he could do for her. The psychologist was of somewhat the same opinion. He had given her a complete course of treatment for pain management, but it did not have the results he had hoped for.

The jury was instructed, in the language of AMI Civil 2d, 2203 (1974), that they should consider the full extent of Mrs. Warner's injuries, including the aggravation of a pre-existing condition. Despite that instruction, the jury did not

see fit to attribute all her medical expenses to whatever injury she may have sustained in the collision. In view of the testimony, that conclusion was not without adequate support.

Affirmed.