Elke GILBERT *v.* DIVERSIFIED GRAPHICS et al.

85-54                                   691 S.W.2d 162

Supreme Court of Arkansas
Opinion delivered June 17, 1985
[Rehearing denied July 15, 1985.*]

*The McMath Law Firm, P.A., Phillip H. McMath* and
*James Bruce McMath*, for appellant.

*Matthews & Sanders*, by: *Gail O. Matthews* and *Marci L.
Talbot*, for appellee.

DARRELL HICKMAN, Justice. At about 7:30 on an icy
morning in January of 1982, Elke Gilbert's automobile was
struck in the rear by a vehicle driven by an employee of
Diversified Graphics. Gilbert claimed personal injuries and
property damage and sued Diversified Graphics for $300,000.
She alleged that she had $12,895.81 in actual damages. The jury
returned a verdict in her favor for $6,700. Gilbert moved for a new
trial on the basis that the verdict was too small and against the
preponderance of the evidence. The motion was denied, and it is

---

* George Rose Smith and Dudley, JJ., not participating.

from that ruling that Gilbert appeals. We affirm.

█ Under A.R.C.P. Rule 59(a)(5) the inadequacy of the recovery is a ground for a new trial even where there is no other error. Where the argument is the inadequacy of the verdict, we will sustain the trial court's denial of a new trial unless there is a clear and manifest abuse of discretion. *Warner* v. *Liebhaber*, 281 Ark. 118, 661 S.W.2d 399 (1983).

Gilbert was a secretary at the University of Arkansas Medical School at the time of the accident. She also worked at a janitorial service she owned. After the collision she missed two weeks of work. In September she quit her secretarial job, allegedly because of pain she was experiencing from the accident, but at that point began working at her janitorial service full time. Her arm and neck continued to bother her, and it was eventually discovered that she had a herniated disc in her neck for which she had surgery in December of 1982. Her doctor testified that she had 15% permanent partial functional impairment. She received further treatment in September of 1983 for low back pain. The actual bills for Gilbert's medical costs are not in the record but she alleges them to amount to $11,671.47 and that figure is not disputed.

Gilbert speculates that the jury found that she had sustained the actual damages she claimed and added $241.44 for pain and suffering; according to Gilbert, the figure of $6,700 was arrived at by reducing the above total by 49% because of a finding that Gilbert was contributorily negligent. She concedes that the jury has the right to reduce the judgment upon a finding of contributory negligence, but argues that the award of $241.00 is so nominal as to amount to a refusal to award damages for pain and suffering. We do not agree that Gilbert's formula is the only way the jury could have arrived at the $6,700 award.

█ The jury could have disbelieved Gilbert's testimony about her continuing pain. Testimony of interested parties is taken as disputed as a matter of law. *Waterfield* v. *Quimby*, 277 Ark. 472, 644 S.W.2d 241 (1982). It was revealed that Gilbert had had back trouble before, and that just before she sought further treatment in September of 1983, she had fallen. X-rays taken within days after the automobile accident showed that Gilbert had some degenerative disc disease prior to the accident. The evidence also showed that the automobile driven by Gilbert

had been involved in a prior accident.

A fair-minded jury could easily have found that all of Gilbert's medical costs, disabilities and property damage were not attributable to the accident with the Diversified Graphics vehicle. See *Taylor* v. *Boswell*, 272 Ark. 354, 614 S.W.2d 505 (1981).

We do not find a clear and manifest abuse of discretion in the trial court's denial of Gilbert's motion for a new trial.

Affirmed.