Magdalena KEMPNER *v.* Stephen William SCHULTE
and Landscape Design and Construction

93-1165                                                              885 S.W.2d 892

Supreme Court of Arkansas
Opinion delivered October 31, 1994

*Gene O'Daniel*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Brian Allen Brown* and *Jacob Sharp*, for appellees.

STEELE HAYS, Justice. This is an action for personal injuries arising from a rear end collision. A jury verdict awarded $750 to the plaintiff, Mrs. Magdalena Kempner. On appeal Mrs. Kempner assigns error to the trial court's refusal to order a new trial for inadequacy in the amount of the verdict. We affirm the trial court.

On July 31, 1990, Mrs. Kempner was driving in an unfamiliar area of Little Rock searching for the house of a friend. She had slowed or stopped a time or two looking for a street when she was struck from behind by appellee Stephen Schulte, driving a large pickup truck of appellee Landscape Design and Construction. Liability was not admitted, but not seriously disputed. Mrs. Kempner brought this action for personal injuries for $124,000, alleging medical expenses of $3,000 incurred and $20,000 in the future. The jury awarded Mrs. Kempner $750 and she appeals from the trial judge's denial of her motion for a new trial.

Error in the assessment of the amount of recovery, whether too large or too small, is a ground for new trial even in the absence of other trial error. ARCP Rule 59(a)(5); *Younts* v. *Baldor Elec. Co.*, 310 Ark. 86, 832 S.W.2d 832 (1992). When a motion for new trial has been denied and the primary issue is the alleged inadequacy of the award, the Court will sustain the denial unless there is a clear and manifest abuse of discretion. *Rathbun* v. *Ward*, 315 Ark. 264, 866 S.W.2d 403 (1993); *Younts, supra.*

In *Warner* v. *Liebhaber*, 281 Ark. 118, 661 S.W.2d 399

(1983), we engaged the issue of inadequacy of the award. We wrote:

> Under ARCP Rule 59(a)(5), the inadequacy of the recovery is a ground for a new trial even in the absence of other error. We sustain the trial judge's denial of a new trial when the verdict is supported by substantial evidence and when, as is the ususal case, the primary issue is that of liability. *Ferrell* v. *Whittington*, 271 Ark. 750, 610 S.W.2d 572 (1981). But when the primary issue is whether the award is adequate the test of substantial evidence is hardly appropriate, for even a very small award would ordinarily have at least some basis in substantial evidence. Consequently, when the only argument on appeal is the inadequacy of the award, we think our rule should be to sustain the trial judge's denial of a new trial *absent a clear and manifest abuse of discretion*, a standard of review similar to that we follow when the primary issue is liability and the trial judge has granted a new trial. *See Landis* v. *Hastings*, 276 Ark. 135, 633 S.W.2d 26 (1982).

Mrs. Kempner testified she visited Dr. David Lay on August 7, 1990. Dr. Lay stated in his deposition that Mrs. Kempner had no specific complaints when she visited his office. She informed him she had recovered "fairly well" from the accident. Mrs. Kempner reported that a day or so after the accident she developed some neck and back pain, stiffness and soreness, which he considered common after an automobile accident. Dr. Lay did not anticipate any permanent problems.

In early October, Mrs. Kempner visited Europe for two weeks. She testified her neck bothered her and she was sore all the time during her trip. She visited Dr. Warren Boop, a professor of neurosurgery at the University of Arkansas Medical Center, on October 30, 1990, and December 4, 1990. He found she had a flexion extension injury of her cervical spine and prescribed physical therapy. However, other than her statement, he had no way of relating her problem to the automobile accident. Ms. Kempner visited Dr. Boop for a follow-up examination in January of 1992, incurring expenses of $187.15 in relation to these visits. In November of 1990, Mrs. Kempner received physical therapy treatments from Baptist Rehabilitation Institution, incurring $1,338.50 in expenses.

On July 2, 1991, Mrs. Kempner consulted Dr. Douglas Stevens, a clinical psychologist. He found Mrs. Kempner was having stiffness in her neck as a result of a phobic anxiety concerning driving. Mrs. Kempner had a total of five one hour sessions, with the last session taking place in September of 1991, incurring a total charge of $450. Dr. David Lay stated that Mrs. Kempner had some very obvious anxiety and panicky behavior when he observed her driving during the summer of 1992.

Mrs. Kempner maintains she proved $2,159.65 in medical expenses. In addition, Mrs. Kempner sought damages for pain and suffering and future medical expenses. There was no proof as to the amount of property damage to Mrs. Kempner's vehicle.

██ In review of a trial court's discretion in denying a new trial because of alleged inadequacy, an important consideration is whether a fair-minded jury might reasonably have fixed the award at the challenged amount. *Smith* v. *Petit*, 300 Ark. 245, 778 S.W.2d 616 (1989). Further, the jury is the sole judge of the credibility of the witnesses and of the weight and value of their evidence. It may believe or disbelieve the testimony of any one or all of the witnesses, though such evidence is uncontradicted and unimpeached. *Olmstead* v. *Moody*, 311 Ark. 163, 842 S.W.2d 26 (1992).

██ Viewing the facts in the light most advantageous to the appellee, there was evidence from which a fair-minded jury might reasonably have concluded that the amount of medical bills incurred prior to her trip to Europe was the only damage suffered by Mrs. Kempner. She made only one visit to a physician during the two month period between the accident and her trip to Europe, and there was no proof as to the expense of the visit. Further, the jury may well have decided it was neither reasonable nor necessary for her to visit the clinical psychologist or neurosurgeon nearly three months after the accident. *See generally Fields* v. *Stovall*, 297 Ark. 402, 762 S.W.2d 783 (1989).

In *Warner* v. *Liebhaber*, mentioned above, we said the jury's verdict was understandable and defensible, affirming the denial of a motion for new trial. There the jury could have found that Mrs. Warner was not seriously injured in the collision. There was no apparent damage to her vehicle and no issue of property damage was submitted to the jury. Second, we said the jury could

have found that Mrs. Warner's principal items of damage, i.e., medical expenses, were not attributable to whatever pain she may have suffered. She had undergone surgery for a ruptured disc three months prior to the accident, and one of her doctors testified her problems were psychological. This court noted the jury was instructed to consider the possible aggravation of pre-existing conditions; however, the jury did not see fit to attribute all her medical expenses to whatever injury she may have sustained in the collision.

In this case, it is clear the jury did not see fit to attribute all her medical expenses and pain and suffering to whatever injury she may have sustained in the collision. *See Gilbert v. Diversified Graphics*, 286 Ark. 261, 691 S.W.2d 162 (1985). The fact that medical expenses have been incurred by a plaintiff and the fact that liability is disputed does not mandate an award equal to those expenses. *Kratzke v. Nestle-Beich, Inc.*, 307 Ark. 158, 817 S.W.2d 889 (1991). The reasonableness and necessity of medical expenses are questions of fact to be decided by the jury. *Roy v. Atkins*, 276 Ark. 586, 637 S.W.2d 598 (1982).

Mrs. Kempner contends counsel for the appellee engaged in an improper closing argument. Counsel suggested to the jury that since Mrs. Kempner had little or no complaint for some two months after the accident leading up to her trip to Europe in October, that something may well have happened during the trip. He argued, on that supposition, that Mrs. Kempner had a "five hundred dollar case" for the clinic visit to Dr. Lay and the two or three days that she had problems prior to her trip to Europe. The appellant, however, made no objection at trial. Thus, the issue is not preserved for appeal. *Haynes v. State*, 314 Ark. 354, 862 S.W.2d 275 (1993). The appellant contends the remarks constitute plain error; however, we do not recognize the doctrine of plain error. *Security Pac. Housing Servs. v. Friddle*, 315 Ark. 178, 866 S.W.2d 375 (1993).

Under the circumstances, we cannot say the trial court clearly and manifestly abused its discretion in denying a new trial. The judgment is affirmed.

GLAZE, J., not participating.