2012 Ark. App. 28
**Scott BLAKE, Appellant**

v.

**Jonathan SHELLSTROM, Robin Whitten and Metropolitan Property Casualty Insurance Company, Appellees.**

**No. CA 11–541.**

Court of Appeals of Arkansas.

Jan. 4, 2012.

Rehearing Denied Feb. 1, 2012.

---

15. Ark.Code Ann. § 9–12–315(a)(1)(A).

16. *See Harvey v. Harvey,* 295 Ark. 102, 747 S.W.2d 89 (1988); *Baxley, supra.*

Elton Allison Rieves III, Mountain View, for appellant.

James Walter Tilley and Bethany A. Pike, Little Rock, for appellee.

WAYMOND M. BROWN, Judge.

This case arises out of an automobile accident that occurred on May 5, 2008, between the appellant, Scott Blake, and appellees Jonathan Shellstrom and Robin Whitten. Blake argues on appeal that the circuit court should have granted his motion for a new trial because of jury miscon-

duct and an insufficient award of damages. We affirm on both points.

### Factual Background

On May 5, 2008, Blake and the appellees were involved in a motor-vehicle accident that occurred when appellee Shellstrom pulled into the road while appellee Whitten was attempting to pass Blake. Blake suffered an injury to his neck and filed a complaint seeking damages from both appellees. A jury trial was held on January 13 and 14, 2011. One of Blake's physicians, Dr. John Irvin, testified that Blake would experience permanent problems as a result of his injury and would need epidural steroid injections for the rest of his life, every year or every two to three years, at a cost of $2400 per treatment. Blake also introduced evidence of past medical expenses in the amount of $8284.85 and lost wages in the amount of $2089.93. The jury was instructed that Blake had a life expectancy of 31.08 more years.

Prior to trial, Blake filed a motion in limine seeking to prevent any mention of his medical-insurance coverage, and it is undisputed that insurance was not mentioned at trial. It is also undisputed that Blake did not request or proffer a collateral-source instruction to be given to the jury. The case was submitted to the jury with interrogatories on the issue of negligence, but a general-verdict form with regard to damages. The jury returned a judgment on liability in favor of appellee Whitten but against appellee Shellstrom, and awarded Blake damages in the amount of $10,400.

Following the verdict, Blake obtained affidavits from two of the jurors stating that two other jurors, who were unnamed, said during jury deliberations that they had been federal employees and "knew as a matter of fact" that Blake would have health insurance through his employment with the U.S. Postal Service. The affidavits also stated that, during deliberations, one of the affiants asked to send a note to the judge asking if the jury could consider insurance, but the jury "all agreed" that the note did not need to be delivered to the court. One of the affiants further stated that the verdict would have been much larger if the jury had not believed that Blake had insurance. Blake filed a motion for a new trial on February 4, 2011, attaching the two juror affidavits and alleging juror misconduct and an insufficient award of damages. The circuit court denied the motion, and Blake filed a timely notice of appeal.

### Discussion

#### I. Jury Misconduct

Rule 606 of the Arkansas Rules of Evidence provides that a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations, or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment, or concerning his mental processes in connection therewith. Nor may a juror's affidavit or evidence of any statement by him be received on such matters.[1] A juror may, however, testify as to whether "extraneous prejudicial information" was improperly brought to the jury's attention or whether any "outside influence" was improperly brought to bear upon any juror.[2] This rule embodies the public interest in preserving the confidentiality of jury deliberations and ensures that jury deliberations remain secret, unless it becomes clear that

1. Ark. R. Evid. 606(b) (2010).

2. Id.

the jury's verdict was tainted by a showing of extraneous prejudicial information or some improper outside influence.[3] The decision whether to grant a new trial for jury misconduct will not be reversed absent an abuse of discretion.[4] The moving party has the burden of proving misconduct and must demonstrate a reasonable possibility of prejudice resulting from the alleged misconduct.[5]

The issue of extraneous prejudicial information has arisen most often when jurors have visited an accident scene during trial and reported their observations to other jury members.[6] This case, however, does not involve a juror traveling outside the courthouse to gather extrinsic information. Rather, Blake argues that the jury was exposed to extraneous prejudicial information in the form of two unnamed jurors' statements, allegedly made during jury deliberations, that they had been federal employees and knew Blake would have health insurance through his job at the U.S. Postal Service. We disagree. This court has previously held that knowledge obtained by a juror and brought into the jury room from the ordinary scope of her life experiences, including knowledge obtained through her profession or vocation, does not qualify as "extraneous prejudicial information" as contemplated by Rule 606.[7] In fact, the jury in this case was given the following instruction: "In considering the evidence in this case you are not required to set aside your common knowledge, but you have a right to consider all of the evidence in light of your own observations and experiences in the affairs of life."[8] Because the statements alleged by Blake's affiants clearly fit into this category, Rule 606 prohibited the circuit court from considering Blake's affidavits, and there was no evidence of juror misconduct upon which to grant a new trial.

The propriety of the circuit court's ruling is further demonstrated when the circumstances of this case are applied to the factors considered by our supreme court in *Diemer v. Dischler:* (1) whether the jury acted against an instruction from the court; (2) whether the offending jurors simply voiced an opinion or engaged in an experiment relating to a crucial issue; (3) whether the offending juror's observations impugned a fact presented by a party; and (4) whether the affiants described the alleged juror misconduct with sufficient specificity, which would include identifying the names of the jurors who engaged in the acts complained of.[9]

It is undisputed that no jury instruction on collateral sources was given in this case. More significantly, Blake did not request or proffer such an instruction. Blake contends that the jury "had every right to be told by the Court that they should in no way consider health insurance in their deliberations." However, it was the duty of the appellant to prepare any instructions

3. *Waste Mgmt. of Ark., Inc. v. Roll Off Serv., Inc.*, 88 Ark.App. 343, 199 S.W.3d 91 (2004).

4. *Milner v. Luttrell*, 2011 Ark. App. 297, 384 S.W.3d 1 (citing *D.B. & J. Holden Farms Ltd. P'ship v. Ark. State Highway Comm'n*, 93 Ark. App. 202, 218 S.W.3d 355 (2005)).

5. *Id.*

6. *See St. Louis Sw. Ry. Co. v. White*, 302 Ark. 193, 788 S.W.2d 483 (1990); *Borden v. St. Louis Sw. Ry. Co.*, 287 Ark. 316, 698 S.W.2d 795 (1985); *B. & J. Byers Trucking, Inc. v. Robinson*, 281 Ark. 442, 665 S.W.2d 258 (1984); *Campbell v. Hankins*, 2009 Ark. App. 479, 324 S.W.3d 358.

7. *Milner, supra* (citing *Waterfield v. Quimby*, 277 Ark. 472, 644 S.W.2d 241 (1982)).

8. AMI Civ. 104 (2011).

9. 313 Ark. 154, 852 S.W.2d 793 (1993).

he thought should be given to the jury,[10] and Rule 51 of the Arkansas Rules of Civil Procedure provides that "no party may assign as error the failure to instruct on any issue unless such party has submitted a proposed instruction on that issue." [11] If the unnamed jurors referred to in Blake's affidavits did make the statements attributed to them, they did not violate any court instruction in doing so, and in fact could be seen as following the court's instruction to consider all of the evidence in light of their own observations and life experiences. In the absence of a collateral-source instruction, we cannot say that this was juror misconduct. If the jury was to be instructed to omit some part of their personal observations and experience from deliberations, the duty was on Blake to request such an instruction.

■ We note also that the alleged statements about insurance cannot, without speculation as to the thoughts or intent of the unnamed jurors, be firmly categorized as statements of fact. The affidavits state that the two unnamed jurors said they "knew as a matter of fact" that Blake would be insured by his employer. However, it seems just as readily apparent that this is not a statement of fact so much as an opinion based on the jurors' personal life and work experiences. The mere voicing of an opinion is not juror misconduct.[12]

It is undisputed that the issue of health insurance was never introduced at trial by testimony or other evidence; therefore, the alleged juror statements about insurance cannot be said to have impugned a fact presented by any party concerning insurance coverage. Whether the statements affected the amount of damages Blake was awarded is, at best, speculation because that was just as likely to have been the result of the jury determining that Blake did not need or want the epidural injections. In fact, one of the juror affidavits relied on by Blake makes just that assertion: "Further, the jury felt that the reason Mr. Blake had not received the epidural injections was that he did not want or need to get them and not because he could not afford them."

Finally, even if the alleged juror statements concerning health insurance were assumed to be true and considered to be extraneous, they are insufficient to show a reasonable possibility of prejudice. The affidavits presented by Blake do not name the offending jurors or provide details identifying the context of their alleged statements, and contain only speculative opinions about the effect of the statements upon the rest of the jury during deliberations. Under the circumstances, we find no abuse of discretion in the circuit court's denial of Blake's motion for a new trial on the issue of jury misconduct.

## II. *Insufficient Award*

Rule 59(a) (5)of the Arkansas Rules of Civil Procedure provides that a new trial may be granted on the ground of error in the assessment of the amount of recovery, whether too large or too small. When the primary issue is the alleged inadequacy of the damage award, we will affirm the denial of a motion for a new trial unless there is a clear and manifest abuse of discre-

---

10. See *Dodson Creek, Inc. v. Fred Walton Realty Co.,* 2 Ark.App. 128, 620 S.W.2d 947 (1981); *Jones v. Seymour,* 95 Ark. 593, 130 S.W. 560 (1910).

11. See also *Peoples Bank and Trust Co. of Van Buren v. Wallace,* 290 Ark. 589, 721 S.W.2d 659 (1986); *State Life Ins. Co. v. Ford,* 101 Ark. 513, 142 S.W. 863 (1912).

12. *B. & J. Byers Trucking, Inc. v. Robinson, supra.*

tion.[13] An important consideration is whether a fair-minded jury could have reasonably fixed the award at the challenged amount.[14] When a motion for a new trial is made on the ground that the verdict is clearly contrary to the preponderance of the evidence, we will likewise affirm the denial of the motion if the jury's verdict is supported by substantial evidence.[15] The facts are viewed in a light most advantageous to the appellee.[16]

Blake presented evidence at trial that he had incurred past medical expenses in the amount of $8284.85 and lost wages in the amount of $2089.93, for a total of $10,374.78. In addition, Dr. Irvin testified that Blake's condition was permanent and that he would need epidural steroid injections for the rest of his life, at $2,400 per treatment. The jury awarded Blake $10,400, and he argues on appeal that the award was clearly and obviously insufficient on the grounds that it would leave only $25.32 for future medical pain and suffering.

First, the basis of the jury's award is not known because, although special interrogatories were presented to the jury on the issue of negligence, the jury was given only a general-verdict form for damages. When special interrogatories are not requested, this court will not question or theorize about the basis of the jury's findings.[17] The amount awarded by the jury is close to the amount claimed by Blake for past medical expenses and lost wages, but there is no way of knowing how the jury intended to distribute the amount across different categories of damages. However, even if the jury did decline to award damages for future pain and suffering, as Blake contends, that does not automatically require the verdict to be set aside. Even in cases where a defendant admits fault, the plaintiff is not automatically entitled to recover damages equal or greater to the expenses incurred.[18] The jury is the sole judge of the credibility of the witnesses and of the weight and value of the evidence, and it may believe or disbelieve the testimony of one or all of the plaintiff's witnesses, even if that evidence is uncontradicted and unimpeached.[19]

In this case, there was substantial evidence to support the jury's verdict. Blake testified that on some days his pain level is zero out of ten, and on other days it is one out of ten; that he missed work for a week immediately following the accident but thereafter only missed work to attend a doctor's appointment; that he rarely took any pain medication, even over-the-counter medications like Advil; and that he had no difficulty performing his job duties. The jury could have chosen not to believe Blake's conflicting testimony about continuing pain or Dr. Irvin's testimony about Blake's need for lifelong epidural injections. As previously noted, the juror who executed one of the affidavits relied on by Blake in this appeal plainly stated that the

13. *Fritz v. Baptist Memorial Health Care Corp.*, 92 Ark.App. 181, 211 S.W.3d 593 (2005).

14. *Depew v. Jackson*, 330 Ark. 733, 957 S.W.2d 177 (1997).

15. *Barringer v. Hall*, 89 Ark.App. 293, 202 S.W.3d 568 (2005).

16. *Luedemann v. Wade*, 323 Ark. 161, 913 S.W.2d 773 (1996).

17. *Esry v. Carden*, 328 Ark. 153, 942 S.W.2d 846 (1997).

18. *See Depew v. Jackson*, 330 Ark. 733, 957 S.W.2d 177 (1997); *see also Kempner v. Schulte*, 318 Ark. 433, 885 S.W.2d 892 (1994); *Warner v. Liebhaber*, 281 Ark. 118, 661 S.W.2d 399 (1983).

19. *Potlatch Corp. v. Missouri Pacific Railroad Co.*, 321 Ark. 314, 902 S.W.2d 217 (1995).

jury believed Blake had not received the epidural injections because he did not want or need them, not because he could not afford them.

Based on the evidence, we believe the jury could reasonably fix Blake's award at the amount it did. We find no abuse of discretion with regard to the claim of jury misconduct, nor can we say that the jury's verdict is not supported by substantial evidence. Accordingly, we affirm the circuit court's denial of Blake's motion for a new trial.

Affirmed.

VAUGHT, C.J., and GLADWIN, J., agree.