
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–10

| | |
|---|---|
| ANGELA RICHARDSON<br>APPELLANT | Opinion Delivered September 23, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION<br>[NO. 60CR–13–305] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE BARRY SIMS, JUDGE<br><br>AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

On December 12, 2012, the Metropolitan National Bank on Cantrell Road in Little Rock was robbed by two people, a male and a female. Angela Richardson was identified as the female suspect. Richardson was later charged with aggravated robbery and theft of property for her alleged participation in the bank robbery. She was subsequently convicted by a jury for those crimes. Richardson appeals her Pulaski County Circuit Court convictions, asserting only that the trial court abused its discretion in denying her request to remove a juror as biased. We disagree and affirm.

When an appellant attacks juror impartiality, our standard of review is clear. Whether a juror is impartial is a judicial question addressed to the sound discretion of the circuit court, and an appellant must demonstrate a manifest abuse of that discretion to reverse the circuit court. *McFarland v. State*, 284 Ark. 533, 684 S.W.2d 233 (1985). We give a great amount of discretion to the circuit court because the court is in a superior position to assess the

possibility of prejudice. *Butler v. State*, 303 Ark. 380, 797 S.W.2d 435 (1990). With these standards in mind, we turn our analysis to the actions of the circuit court.

At Richardson's trial, the state presented testimony of three bank employees. Each testified to the facts surrounding the robbery. One of the employees identified Richardson as the female robbery suspect, both from a photographic lineup and an in-court identification. The two other bank employees identified Jerry "Marty" Johnson as the male suspect from a photographic lineup. Johnson testified pursuant to a plea agreement, admitting that he had committed the robbery and identifying Richardson as his accomplice. He confirmed the timeline of events as described by the three bank employees. Another witness, Joseph Smith,[1] testified that he worked with Richardson and that, prior to the robbery, he overheard Richardson talk about robbing a bank. He further stated that he recognized both Johnson and Richardson from the surveillance pictures shown on the news after the robbery. The surveillance video and the still photographs taken therefrom were introduced into evidence, as were the photographic lineups completed by the three bank employees.

In response to the State's evidence, Richardson presented alibi witnesses and an alibi defense. Monique Norwood testified that, at the time of the robbery, Richardson and Adrien Cooper were picking up Norwood's daughter at school.[2] Cooper verified Norwood's testimony, and indicated that he remembered the date in question because he had just completed his English midsemester examination at Pulaski Technical College, where he was

---

[1] Smith is Johnson's cousin.

[2] Norwood is Richardson's sister. Adrien Cooper is Norwood's son and Richardson's nephew.

a student. Richardson then testified on her own behalf. She corroborated Norwood's and Cooper's version of events and denied taking part in the robbery. She stated her belief that Smith was only trying to help Johnson and that they were both lying.

At that point, the defense rested. However, prior to instructing the jury, one of the jurors informed the court that she had information that contradicted the testimony of Cooper. The juror stated that she was a professor at Pulaski Technical College and that, to her knowledge, the English department never had examinations, only papers. This is in direct conflict with Cooper's testimony that he remembered the date in question because he had just completed a major English examination at Pulaski Technical College. Upon further questioning, the juror stated that she did not know Cooper and had not had him as a student and that when she was originally selected for the jury, she knew nothing about him and came into the case with a clear mind. When questioned by the court, she stated that she believed she could still be a fair and impartial juror in the case.

Appellant's trial counsel asked that the juror be removed from the jury and that the alternate be seated in her place, arguing that this juror possessed specialized knowledge and could no longer be impartial because she had, in effect, made herself an investigator into the case. The court refused to remove the juror, finding that the juror's knowledge was not specialized knowledge. Richardson was ultimately convicted on both counts and sentenced to a total of twenty-one years in the Arkansas Department of Correction. She appeals.

On appeal, Richardson argues that the trial court abused its discretion and should have removed the challenged juror. She asserts that the juror suffered from an actual bias against

3

Richardson's alibi witness. This bias allegedly arose from the juror's extrinsic knowledge of facts derived as a result of her employment at Pulaski Technical College. She contends that this extrinsic knowledge is not the sort of "common knowledge" that jurors can rely on in their deliberations. Furthermore, she claims that she was prejudiced by the failure to remove the juror because the juror was allowed to taint the jury with this extrinsic knowledge that impeached the credibility of the alibi witness. She argues that, in effect, the juror became a rebuttal witness whom Richardson was unable to cross-examine. Richardson's argument is without merit for four reasons.

First, there is no evidence that this particular juror was actually biased against Richardson's witness. Actual bias is the existence of such a state of mind on the part of the juror, in regard to the case or to either party, as satisfies the court, in the exercise of a sound discretion, that she cannot try the case impartially and without prejudice to the substantial rights of the challenging party. There is a presumption that jurors are unbiased, and Richardson bears the burden in overcoming the presumption. *Kelly v. State*, 350 Ark. 238, 85 S.W.3d 893 (2002); *Esmeyer v. State*, 325 Ark. 491, 930 S.W.2d 302 (1996). Here, Richardson failed to prove that the juror was actually biased. While the juror may have had some personal knowledge or opinion as to the validity of a piece of evidence introduced at trial, the juror came into the case with a clear mind and had no knowledge or bias against any party or witness who testified in the matter. Moreover, the juror indicated that she could remain impartial and judge the evidence as presented. For this reason, we cannot find that the trial court abused its sound discretion in this regard.

SLIP OPINION

Second, the juror did not possess specialized, extrinsic knowledge. It is well settled that a juror is not required to set aside her own personal knowledge and experiences when considering the evidence presented at trial. *See* AMI Crim. 2d 103. The juror in question had personal knowledge based upon her own experiences in her field of employment. Under AMI Crim. 2d 103, she was allowed to take this knowledge with her into the jury-deliberation room. In fact, this court has held that "knowledge obtained by a juror and brought into the jury room from the ordinary scope of his life experiences, including knowledge obtained through his profession or vocation, does not qualify as 'extraneous prejudicial information' as contemplated by Rule 606." *Campbell v. State*, 2014 Ark. App. 171, at 6–7, 432 S.W.3d 673, 677; *Houchins v. Home Care Prof'ls of Ark., Inc.*, 2012 Ark. App. 553, 423 S.W.3d 655; *Blake v. Shellstrom*, 2012 Ark. App. 28, 388 S.W.3d 57. While Rule 606 applies to inquiries into the jury's verdict or indictment, we find that there is no reason that same theory should not apply in this scenario as well. If this type of evidence is not considered "extraneous" for purposes of impeaching the jury's verdict, it is likewise not "extraneous" for impeaching the qualifications of a particular juror.

Third, the trial court did not act thoughtlessly or improvidently. The trial court considered the evidence presented to it on the juror's alleged bias and withheld its ruling until the next day so it could more fully consider the facts and the law as they applied in this case. The court, prior to entering its ruling, further questioned the juror to assess her ability to act impartially. Armed with this information, the court found that the juror could remain

impartial. Based on the facts before us, we cannot find that the court committed a manifest abuse of discretion.

Finally, Richardson has not demonstrated prejudice. Richardson was identified by one of the tellers as the person who robbed him, and Johnson identified her as his accomplice. The jury was also provided with the surveillance video and still photos of the robbery. Moreover, there was no evidence that this "extraneous evidence" was ever communicated to the other jurors.

For the reasons set forth above, we affirm.

Affirmed.

GLADWIN, C.J., and HOOFMAN, J., agree.

*Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.

SLIP OPINION